UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-22057-CIV-GOLD/WHITE

MICHAEL L. HOLMES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [ECF No. 5];**
**DISMISSING AND CLOSING CASE**

This CAUSE is before the Court upon Magistrate Judge Patrick White's Report and Recommendations ("Report") [ECF No. 5], recommending dismissing Holmes' Motion to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 1] ("Petition") as successive. Holmes did not file Objections to the Report.[1] Having reviewed the Report, I concur with Judge White and dismiss Holmes' Petition.

On June 25, 2002, Homes filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Case No. 02-cv-21893, ECF No. 1]. That Motion was dismissed for lack of jurisdiction and, alternatively, on the merits [Case No. 02-cv-21893, ECF No. 26]. Holmes subsequently filed related motions in Case Nos. 03-20828, 05-20408, 05-20872, 05-20880, and 06-20126. Holmes filed the instant Petition on June 3, 2014, raising a challenge to his convictions and sentence based on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

---

[1] On June 19, 2014, Holmes filed a Notice of Appeal and Request for Certificate of Appealability [ECF No. 6]. The Notice does not object to the conclusion and recommendations set forth in Judge White's Report.

28 U.S.C. § 2244(b) permits a petitioner to bring in a second or successive petition a claim that was not presented in a prior application, provided "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see also* 28 U.S.C. 2255(f)(3). Before a second or successive petition may be brought, though, the petitioner must move the court of appeals for an order authorizing the district court to consider the second or successive petition. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(2)(A), (3)(A).

Here, Holmes filed at least one prior § 2255 Motion, but did not request or obtain permission from the court of appeals before filing the instant Petition. I therefore dismiss the Petition. *See, e.g, United States v. Phillips*, 404 F. App'x 422, 423 (11th Cir. 2010).

Further, Holmes' Petition does not seek relief based on a new rule of constitutional law made retroactive to cases on collateral review. *See, e.g., United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ("[T]he Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review. And *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity." (citations omitted)); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (holding *Alleyne* does not apply retroactively on collateral review); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (same).

Because Holmes failed to obtain permission before filing a second or successive petition, and because his Petition does not seek relief based on a rule of law retroactively available on collateral review, I dismiss the Petition. Further, I conclude Holmes has not made a substantial showing of the denial of a constitutional right, or that

2

the issue presented here is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Consequently, I deny a certificate of appealability in this case.[2]

It is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendations [ECF No. 5] is **ADOPTED.**

2. Holmes' Motion to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DISMISSED**.

3. Holmes is **DENIED** a Certificate of Appealability.

4. This case is **CLOSED**.

DONE and ORDERED in Chambers in Miami, Florida, this 9th day of July, 2014.

_____
THE HONORABLE ALAN S. ~~GOLD~~
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge Patrick White
      All counsel and parties of record

      Michael L Holmes
      60545-004
      Big Sandy-USP
      United States Penitentiary
      Inmate Mail/Parcels
      Post Office Box 2068
      Inez, KY 41224

---

[2] Holmes previously filed a Notice of Appeal [ECF No. 6], presumably appealing Judge White's Report. Because the Report is non-final, it is not appealable. The instant Order is final, and Holmes may appeal it.